is People v. Sedgwick Lifter, 525-0560. And for the appellant, are you ready? All right, you may approach the lectern and begin. Welcome. I haven't met you before, but you may begin when you're ready. May it please the Court, my name is Yulou Yip, Assistant Appellant Defender on behalf of Mr. Sedgwick Lifter. We have to speak up a little bit. Okay. Okay. We ask this Court to vacate the denial of Mr. Lifter's post-plea ineffective assistant claim and remand for a new preliminary plaintiff's inquiry before a different judge. In his pro se, Mr. Lifter alleged that inadequate representation and that the State's attorney had also been his topic defender. That allegation triggered the need for some form of preliminary clinical inquiry. The purpose of that inquiry is to examine the factual basis of the claim in a neutral and non-adversarial manner so that the record can show in an objective and neutral way whether the trial court promptly decided that the defendant was not entitled to new counsel. That did not happen here. The State's response brief tried to defend the exchange by breaking it into separate pieces, but that firmly misses the point. The problem is not one isolated question. The problem is the accumulated effect of the exchange. The inquiry began when the Court asked Mr. Lifter whether he had any information or court order showing that Mr. Kohlemann was having his attorney. Mr. Lifter began to answer, but the Court interrupted him almost immediately. When Mr. Lifter tried again to explain, the Court interrupted him a second time after he had only said a few words. The Court then placed Mr. Lifter on the oath and repeatedly warned him about felony perjury. Mr. Lifter still tried to explain his claim, but the Court interrupted him a third time while he was trying to answer. The Court then warned him again that he was on the oath and subject to a felony perjury charge if he was lying. Mr. Lifter still attempted to provide information about the claim, but after he stated that he did not have the court order showing that Mr. Kohlemann was his attorney in this case, the Court told him, well, you just lied to me before I put you on the oath. The Court then attacked his credibility, stating that this showed Mr. Lifter did not have the greatest sense of truth. After that sequence of interruption, the oath, the repeated felony perjury warning, and the accusation that he had lied, Mr. Lifter stopped trying to explain his claim. He said, I'm not going to say anything because I see where this is going, and then stated, I remain silent. That mattered because the purpose of the preliminary clinical inquiry is to allow the Court to examine the factual basis of the claim in a neutral and non-adversarial manner. Here, the Court repeatedly cut off Mr. Lifter while he was trying to explain his claim, placed him on the oath, missed any change. Do you think that placing him on the oath was improper? No, I don't think so. I don't think, like, placing him on the oath alone was improper. But I do think that the Court, when the Court placed Mr. Lifter on the oath in the middle of the conversation, even after interrupting him twice, and then after that placed him on the oath, and even after that Mr. Lifter still tried to articulate his claim, the Court started to accuse him of lying when he said he didn't have the court order. But he did not say that he had a court order in the case. So there's no conflict of a statement that he made would make it reasonable for the Court to accuse him of lying. And only after that he feel that he worry about getting more criminal charge, and that he plead the fifth. Can't the judge rely upon his own knowledge of the case in conducting a hearing like this? A defendant says A, and the judge says, well, I happen to know it was B. There's nothing improper in that, is there? Yeah, I think, I think sometimes the Court can rely on its own knowledge and the record to determine whether there's a, whether the defendant entitled to a new counsel. But that is not the case here, because the Court, because, because the Court asked Mr. Lifter whether he have any information or court order showing that Mr. Corman had represent him. So that question itself show that the Court was trying to understand the factual basis of the claim. Like, beyond what appeared in the immediate record, in addition to that, the Court also said, because you raised a ineffective assistance claim, so now I need to figure out what is going on. So it means that the Court did not believe that the record, it can, it can answer that question based on the, its own knowledge and the record itself. In fact, the record that the Court had made up to that point indicated that the State's attorney was not, in fact, the defendant's lawyer in the case, right? He was right about that. Yeah, but it's, so I, I would say that, so our position is that, first, when the Court start to ask Mr. Lifter a question, it should allow him to, allow him to answer in a neutral and non-arbitrary manner. And then also, in this conflict of interest, conflict of interest case, he might, the defendant might have more information than the record about maybe private conversation between him and the attorney. So that raised his concern, so he want to raise about it. But Corman represented the defendant in another case, but not in this case, right? I mean, that's what the record that was before the judge at the time indicated. And it's okay for a judge to say, well, I, I know this to be true. If a defendant interrupts a judge, can't a judge say, hey, wait a minute, it's my turn to talk? Yes, that's true, but the record showed that there's no interaction of the conversation. Mr. Lifter only answered the question after the Court asked the question, but when he tried to answer, only saying like a few words, the Court cut him off before he can finish the answer. Well, by the time we got to page 12, the Court asked him if he had any additional basis to support his motion, and I feel like, well, I know for a fact, if I didn't take it, he would hit me with it, it would be off the table that day. But to me, I felt that was a low-key threat, so that's the only thing I have. He did get to explain, right? Yes, but that is happened after the Court interrupted his answer, and then after the Court put him on the oath, and then warned him about family perjury, and that attacked his credibility. So by the time his answer already been limited, so he already worried about having additional felony charge on top of the criminal charge he already have. So I would not see that as a complete answer that he could provide. I'm sorry, was there any real problem in the record to the admonition given at the time of the plea? I mean, it happens all the time. The State says this is what they offer. You don't take it away. You're facing more exposure. Either take it or leave it. That's pretty common, isn't it? Yeah, I think the question here is that when Mr. Lifter raised a ineffective assistance plan, and the Court need to conduct the inquiry in a objective and neutral way, and because the Court didn't conduct it that way, so we won't be able to know from the record whether he has border conserve, and that's why we are asking this Court to demand for a new preliminary inquiry so that the record can reflect Mr. Lifter's complete claim, and whether he is entitled to a new counsel. Thank you for answering my question. I just want to follow up on this. So the State's attorney was the defendant's attorney in the underlying theft case. Yes. Is that right? Yes. And then the case that was under consideration in this proceeding was the escape for not showing up on the theft charge. Am I correct on that or not? So Mr. Cuomo was Mr. Lifter's public defender on the theft case, and then he was the prosecutor in this case. But this case relates to the theft case. Yes. That was originally prosecuted. Yes, exactly. Okay. And the judge, when he got to that point, didn't really allow for that kind of explanation. As I read the record, he said, I understand that. We're going to move on. Or did he allow for that? Did he allow your client to discuss it? I think the trial court asked the question. So he first asked whether he had any information or the court order. And then Mr. Lifter said, so Mr. Lifter tried to answer like two times, but he never had a chance to finish his answer. And then after that, the trial court put him on the oath. And then he again tried to answer, but he wouldn't be able to finish the answer too. And then the trial court attacked his credibility after he said that. And then the trial court said that he did not have the court order. But we won't be able to know that whether he had other documents showing that, showing his concern, other documents that can prove his claim. And then also, he's a pro se defender representing himself in effective assistance. So he might not, he only tried to present to the court what was his concern and what information that he had. But he did not have the ability to do so. Okay, but did the court have before it, in this case, the information that Mr. Lifter had, the record of what, the file of what happened in the theft case? Yes. So that was considered by the court at the time, is what you're saying? Or I thought your whole premise here is it was not considered and we need to go back. You're not clear on that? I think... I mean, you're asking us to send it back for another Krankel hearing, right? Yes. So you think that your client didn't get an opportunity to explain and you are looking for a preliminary Krankel hearing with new counsel, right? Yes. Okay. Questions? Is there anything in this record that suggests anybody had an actual conflict of interest? I don't think so. I don't believe so. But Mr. Lifter might have other concerns that he didn't have a chance to raise. Yes. But your point is the record wasn't fully opened or explored, right? Yes. So the defendant walks into the courtroom and he sees as his prosecutor is his defense attorney in the underlying case and his defense attorney is a former prosecutor from the same state's attorney's office, correct? Yes. All right. Thank you. Thank you. All right. You'll have a few minutes in rebuttal after we hear from Ms. Ray from the state, okay? Yes. Thank you. May it please the Court, counsel, I am Becky Ray with the Appellate Prosecutor's Office representing the people. The only issue that the defendant has raised in this case is whether the trial court conducted an adequate preliminary Krankel inquiry into the defendant's ineffective assistance of counsel claims. The trial court's preliminary inquiry was not adversarial as the defendant claims and because no error occurred, no remand is necessary. By way of clarification, pursuant to this Court's October 9th, 2025 order indicating that the corrected record was filed on that date, the state's record citations are to the corrected reported proceedings which are file stamped October 9th, 2025. And I'd like to answer the Court's question about whether or not the trial court was aware that the court was aware of that. It's in the record at page 31. The defendant responded to the Court about Konemann having been his attorney on a different case, the retail theft case. So just by way of clarification. I agree with you that the record says that the Court was aware. Yes. My question was, though, he said we've already discussed that and he moved on, there's no development, as Justice Hackett would say, of what happened, what was his worry is my concern about. Your Honor, if you'll allow me to make my argument, I think that there is clarification about how that came about, about what happened and that the trial court was very aware of what had happened prior to ruling on the Krankel preliminary hearing. Do you think that was because, as Justice Clark says, that he knew what was in the record? I do, and the trial court indicated it had reviewed the record as well. We don't know because he didn't put it in the record, he didn't recite it. That's accurate? Yes. When a judge tells a defendant, I know you're lying, as opposed to being ignorant as to the law on conflict of interest or status of attorneys or mistaken about conflict of interest or status, when a judge says you're lying, isn't that just unduly coercive? I don't think it's unduly coercive in the facts of this case because the trial court did say, perhaps not very artfully, that the defendant was not being truthful, had lied to him, but the trial court also said, you won't be prosecuted for that because it happened before I put you under oath. So there was no fear that the defendant was going to get an additional charge because of what the court's perception was that he had lied to it. So you better believe he picked his words more carefully. I do believe the court could have picked its words more carefully, but that does not necessarily turn the proceeding into an adversarial one or one that requires freedom as a result of that. What do you believe the court was referring to when you said, when the court said, I don't know who the judge was, when the court said to the defendant that the defendant was lying? That the court had interpreted the defendant's statement that he had a court order in his cell that indicated that the public defender, Ms. Heaton, was the state's attorney. And I think the court was indicating that that was incorrect and it knew that that was incorrect based on the record before it. Well, if you read the transcript, is that open to another interpretation? Here's the difficulty I have with it. There's two places where the judge makes a statement or an assumption that essentially cuts the defendant off from an opportunity to explain. One of which is when he says. Okay, thank you. In the report of proceedings, page 20, line 12, 13, the court says, okay, you just lied to me before I put you under oath. So you won't get charged with the felony. But what I'm suggesting is, isn't it possible to interpret the prior minutes in this as that Mr. Lifter wasn't lying, that there was a misunderstanding? I think that is possible, but I don't think, based on the entirety of this record, that the court had opportunities to explain what his claim was, both by very pointed questions to the defendant and also open-ended questions to the defendant. Do we have a clear record from Ms. Crankle here as to what his contentions were? I believe we do, Your Honor, if I may. Sure. Thank you. So, as Justice Clark pointed out earlier, or asked about earlier, the trial court can rely on its own knowledge of the facts and circumstances of a defendant's claim to evaluate it. And I think in this case, the court had that knowledge and was able to do so. The trial court had given the defendant his first appearance and appointed him an attorney, a public defender. And later that very same day, the trial court took the defendant's guilty plea. Stating the obvious, the trial court is presumed to know and follow the law, so it would not have appointed the State's attorney to represent the defendant. Thus, the court knew at the outset that the defendant's allegation was not factually correct. It was insufficient on its face. That allegation was in writing in the defendant's pro se motion to withdraw his guilty plea. And it said that he did not receive effective assistance of counsel because the State's attorney was his attorney. And the court knew that that was not the case. And so, everything about the defendant's claim was on the face of this record or in this record. It wasn't beyond. And the record rebutted the defendant's claim. And not only that, the trial court asked the defendant about his claim. And contrary to what the defendant claims, the trial court did not interrupt the defendant initially. The defendant interrupted the trial court. The trial court was restating the procedural posture and the reason for the setting when the defendant tried to interrupt him. And the trial court merely stopped him and said that it was the court's turn to speak. And that cannot be an adversarial conversation like the defendant claims. The trial judge has the authority to maintain control of its courtroom. And not only that, but the court followed it up with, you'll get your chance to talk. I don't know how much because you're represented by an attorney, not implying that the trial court would keep the defendant from talking, but perhaps the defendant's attorney. So the court was permitted to inquire, which it did. And it's not required to let the defendant testify in the narrative. It may ask questions. And it was reasonable of the trial court to ask the defendant if he had any proof. And how the court conducts the hearing is up to the court as long as it develops the record. And I believe that it did in this case. And there's another page in the record where the court even says, I think we agree that Mr. Conan was your attorney on the retail theft. I can lay hands on that. Isn't that what the promotion to withdraw guilty plea says, is that the state attorney was also my public defender on the states? Correct. And that's why I'm saying it's clear that the state's attorney was not his public defender on the estate case. Well, but for somebody who might not be as artful in the issue of proceedings, that's why I say this case, the estate case, arose out of this theft case, right? I mean, there would not have been an escape but for the theft. I believe that that is accurate. But we are not talking about the retail theft case. We are talking about the escape case. And we're also not talking about the motion to withdraw the guilty plea. The only issue the defendant has raised in this case is whether or not the trial court was adversarial in its conduct of doing the preliminary Krenkel inquiry, and it was not. Okay, and I understand the legal that you just described, procedurally. Yes. But if we look at the practical, which is the defendant's moving to withdraw because he shows up and he sees that the state's attorney now in this case is somebody who defended him on the theft, is it reasonable to think that in his motion to withdraw he might say, the state's attorney was my public defender in this case? I mean, I could see a scenario where somebody like a defendant could say, in this case, and mean the retail theft case. Well, Your Honor, if you'd like to get into the merits of that guilty plea, I'll be happy to. I mean, I could see the defendant talked to his attorney. The court took a break after he was appointed an attorney. Clearly at that time, had she been the state's attorney previously and she was now his attorney, he would have known that at the time he took the guilty plea. And if I recall from the record of the guilty plea, he indicated that he was not coerced into taking that plea. And he hadn't been promised or threatened anything to take that plea. So I think at that point in time, he would have been aware, if you're saying, you know, if he walked in the courtroom and saw this, he would have been aware of that at the time of his entry of his plea as well. Is the only basis for conflict is that you appear for the defendant in that particular case? I'm sorry. Can you ask that question? Is the defendant limited to only raising the issue of conflict if he alleges that this attorney was involved in the prior case? Isn't there a basis for conflict to say the office represented me and now they're prosecuting me, or they prosecuted me and now they're defending me? I think that there is a basis for that. The defendant did not raise it in this case, and he was given ample opportunity to do so. The court asked him more than once. Even after the court started to rule from the bench, the court asked him again, do you have anything else? And the defendant said no. And even though he had told the court that he would remain silent after the admonitions about perjury, the defendant did not do so. He continued to answer the court's questions, and also he participated in his motion to withdraw a guilty plea hearing. This was after the record proceedings on page 21 says the defendant says, I'm just going to plead the fifth. I'm not going to say nothing else because I see where this is going. And the defendant says, I remain silent. And then he says, I didn't say she prosecuted me in this case. I said she's the assistant state's attorney. After that is what you're referring to, but it's after the point where the defendant appears to be saying he's afraid to say anything more and doesn't get to make a clear record. But he didn't remain silent, Your Honor. Even after he said that he would remain silent, he did not do so. And at least five times after that, he responded to the court. Court, if any information do you have that Ms. Heaton prosecuted you in this case, the court asked. The defendant responded. Do you have any evidence to the court today that she was directly involved in your prosecution? The defendant responded. Twice, as a matter of fact. Once in the middle of that sentence. And my question is, is that the only basis for someone to allege conflict? No, Your Honor. But on the facts of this case, the defendant didn't raise any other conflicts, even though he had the opportunity to do that, plenty of opportunity to do that. The court gave him that opportunity, and the defendant said he had nothing else other than the fact that she was his attorney. She was the prosecutor and then his attorney. Isn't it true that before the defendant said anything on the record, the court had said, Mr. Lifter, the court notes from the onset, number one, Mr. Conwin was no real attorney in this case, not for one second. The court did say that, and that was just the court's recitation of what it knew the facts to be from its own knowledge and the record of the case, which it is entitled to consider. And it could have stopped there, truthfully, and it still would have been a sufficient crinkle hearing. The court was entitled under Jackson to consider its own facts and knowledge of the case, but it went beyond that, and it inquired of the defendant and his attorney, and so it took additional steps beyond its own knowledge to ascertain what the defendant's claims were and gave him plenty of opportunities to present those, and he did not. Okay. Thank you. Justice Long? No other questions. Thank you for answering my questions. All right. That's all right. Thank you. Thank you. Thank you. Ms. Yeung? Some response? Yeah. Your Honor, we maintain that the trial court on handling does not treat this as a claim that was resolved by the record at all. So the court asked Mr. Lifter whether he had information or court order showing that Mr. Conwin had represented him. That question itself showed the court was trying to understand the factual basis of the claim beyond what happened in the immediate record. And that makes sense because an attorney-client relationship or conflict issue may involve facts that are not fully reflected in the record before the court. But Mr. Lifter had not been allowed to fully explain what he meant, what information he had, or why he believed there was a conflict. So he did give some limited answer after the court moved on to the question related to Ms. Heaton, but by that point, the court had already accused him of lying and questioned his truthfulness. So the later exchange does not cure the problem because the earlier handling shielded and narrowed his explanation before the factual basis of the claim could be fully developed. That's why we are asking this court to remand for a preliminary critical inquiry before a different judge. Thank you. I'm looking at the conclusion. Yes. I mean, we keep calling this a pre-crankle inquiry. Yes. But at the conclusion of the case, the court asked the defendant's attorney if she had any evidence to present. She said none. Allowed the defense attorney to make an argument on the defendant's behalf. Asked the defendant if he had any additional basis for the motion. Defendant said he was under pressure. I just feel like, well, I know for a fact that if I didn't take it, he said he would hit me with it, that it would be off the table that day. And to me, I felt that was a low-key threat. So that's the only other thing I have. That's how it concluded, right? Yes. I think that is related to his intent to withdraw his UTP. But the earlier question was about his ineffective assistance claim. And he wasn't able to fully articulate what information he had. And then after that, after the court attacked his credibility and then put him under oath, and then he pled the fifth, the court still asked him questions, and then he still had the chance to answer. But by that time, he only gave some limited answer. Because the earlier handling already narrowed his explanation, he tried many times to articulate his ineffective assistance claim but never had a chance to do so. So I think the later answer is more about his claim to withdraw the UTP itself, not the ineffective assistance claim. Thank you. Thank you. Thank you. Okay, thank you both for your arguments here today. This matter will be taken under advisement. We'll issue an order in due course.